**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATHANIEL JAMES DAVIS, Jr., | No. 11-35002 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-05185-RJB |
| v. | |
| SCOTT ALEX SPEER, Lt., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted June 26, 2012[**]

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Washington state prisoner Nathaniel James Davis, Jr., appeals pro se from

the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

various constitutional violations.  We have jurisdiction under 28 U.S.C. § 1291.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We review de novo. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). We affirm.

The district court properly dismissed Davis's claim that defendant Speer violated his due process rights in connection with a disciplinary infraction for failure to provide a urine sample because Davis failed to allege facts sufficient to show that a protected liberty interest was at stake. *See Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) (due process protections "adhere only when the disciplinary action implicates a protected liberty interest in some unexpected [manner] or imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" (citation and internal quotation marks omitted)).

The district court properly dismissed Davis's equal protection claim because Davis failed to allege facts sufficient to support his claim. *See Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998) (equal protection claim "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent").

The district court did not abuse its discretion in denying Davis leave to amend his complaint a third time because amendment would have been futile. *See Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1530 (9th Cir. 1995) (district court does not

abuse its discretion to deny leave to amend where it "could reasonably conclude that further amendment would be futile").

Davis's remaining contentions are unpersuasive.

We do not consider allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**